UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| Randall D. Stevenson, a/k/a Randy D. Stevenson,<br><br>    Plaintiff,<br><br>v.<br><br>Whiting Oil and Gas Corporation,<br><br>    Defendant. | Civil No. 1:16-cv-00430 |

## STIPULATED CONFIDENTIALITY AGREEMENT

1. All parties to this action, through their counsel, have agreed to abide by terms of this Stipulated Confidentiality Agreement ("Agreement") and request that its terms be enforced by the Court.

2. All documents and information produced in discovery in this case shall be used by the opposing party and their attorneys or agents only for the purposes of this litigation and for no other purpose. Nothing in this Agreement limits a party's right to use its own documents or information.

3. Either the plaintiff or the defendant may designate documents that are produced to the other party as confidential and subject to this Agreement by prominently labeling such document(s) as "Confidential." The confidential documents and the information contained therein and derived therefrom furnished by the defendant to the plaintiff and by the plaintiff to the defendant shall be used by the plaintiff or defendant only for the purposes of this case and for no other purpose, and under no circumstances shall the plaintiff or the defendant disclose such material to persons other than the following:

a. The parties and their counsel who have appeared of record for the parties in this case, including counsels' staff;

b. Persons especially retained by attorneys for the parties in this litigation to assist in the preparation of this litigation for trial (such as trial consultants or expert witnesses), and only if such person needs such confidential documents;

c. Fact witnesses, provided that the particular witness has a need for such disclosure in order to respond to questions in a deposition or at trial in this case; and

d. Court reporters and court personnel involved in this case.

4. The confidential documents and the information contained therein or derived therefrom may be disclosed to and discussed with the persons identified in paragraphs 3(a) through 3(d) only on the following terms and conditions:

a. Prior to any such disclosure or discussion, each such person identified in paragraph 3(b) shall sign an agreement to be bound by this Agreement in the form attached as Exhibit A; and

b. The plaintiff and the defendant, as the case may be, shall retain copies of the originals of these agreements and shall deliver copies to the opposing counsel upon the completion of the litigation.

c. In the case of each such person identified in paragraph 3(c), counsel for either party may designate appropriate portions of the record as "confidential," in accordance with paragraph 7, below.

5. Each person given access to the confidential documents and the information contained therein shall segregate such material, keep it strictly secure, and refrain from disclosing,

in any matter, any information set forth in said documents, and shall keep such documents and the information contained therein or derived therefrom confidential, except as specifically provided for by the terms of this Agreement. There shall be no reproduction of confidential information except as is necessary to prepare for trial or appeal.

6. If either party objects to the designation of any document as "Confidential," then the objecting party shall give written notice of such objection to the other party. If the parties are unable to resolve such objection within fourteen (14) days of the receipt by the designating party of such notice, the party claiming the information is not "Confidential" may file a motion with the Court for a ruling that the document shall not be treated as confidential. Until this Court enters an order changing the designation of the document, the document shall continue to be protected as provided in this Agreement.

7. In the event that any confidential documents are used in any pretrial proceeding herein, such documents shall not lose their confidential status through such use, and the parties shall take all steps reasonably required to protect the confidentiality of the documents during such use. Additionally, at trial the Court may enter any order necessary to preserve the confidentiality of any document upon motion of the party who had originally produced the document.

8. Upon final disposition of this case, whether such disposition occurs by settlement, judgment, upon exhaustion of any appeals, or by other means, nevertheless, the terms of this Agreement shall continue in full force and effect. Within forty-five (45) days after the final disposition of this case, including appeals, each party's counsel shall assemble and return to the other party all copies of any confidential documents in the possession, custody, or control of the party or shall confirm to the other party the destruction of same. In addition, all those documents in the possession, custody, or control of the respective party that contain information obtained from

confidential documents shall be destroyed. Notwithstanding the terms of this paragraph, counsel for each party shall be permitted to retain copies of confidential documents in their litigation files for a reasonable period of time following conclusion of the litigation.

9. Should it be necessary during the course of a deposition for an attorney or witness to refer to "Confidential" documents or information, all persons other than those to whom the disclosure is permitted by this Agreement shall be required to leave the room. When a party wishes to designate as confidential deposition testimony or documents submitted as exhibits to a deposition, such designation may be made on the record during the deposition or after receipt of the deposition transcript and exhibits by providing written notice of the designation to the parties and any other affected person.

10. Confidential material must be filed under seal unless both parties agree or the Court orders otherwise. The party filing confidential material shall bear the responsibility for requesting leave to file the confidential material under seal and complying with any applicable rules or process necessary to file the confidential material under seal.

11. If any confidential material, information, or data obtained, derived, or generated from this lawsuit is sought through discovery from a party in any other judicial or administrative proceeding, the other party will be immediately notified so as to permit that party an opportunity to seek a protective order from the appropriate court, agency, or hearing officer.

12. Notwithstanding any provision to the contrary, nothing in this Agreement shall limit a party's use of its own documents or prevent a party from disclosing its own confidential information to any person. Such disclosures shall not affect any confidential designation made pursuant to the terms of this Agreement.

13. Should there be any dispute concerning the terms or application of this Agreement, counsel for the parties shall attempt to resolve such dispute between themselves before seeking Court intervention.

14. The parties, by entering into this Stipulated Confidentiality Agreement, do not waive, and specifically reserve, any and all objections to either the discovery of, or introduction at trial of, that material and evidence which is the subject of this Agreement. Nothing in this Agreement may be construed to be a waiver of any right or privilege of any person or entity, including but not limited to the work-product doctrine and the attorney-client privilege.

15. The inadvertent production of information ("Produced Protected Information") shall not constitute or be deemed a waiver or forfeiture of any claim of privilege, work product protection, or confidentiality designation that the producing party would otherwise be entitled to assert with respect to the Produced Protected Information and its subject matter in the pending case or in any other federal or state proceeding. The producing party may, within a reasonable time following its discovery of the inadvertent production of Produced Protected Information, assert in writing the attorney-client privilege, work product protection, or confidentiality designation with respect to the Produced Protected Information. The receiving party shall, within five business days of receipt of that writing, return or destroy all copies of the Produced Protected Information and provide a certification of counsel that all such Produced Protected Information has been returned or destroyed. The receiving party shall not be responsible for any disclosure that occurs before notice of the inadvertent production of Produced Protected Information but the receiving party shall attempt to obtain compliance with this Agreement from those persons or entities to which any disclosure was made before the receiving party received notice of the inadvertent or accidental production.

Dated this 10 day of ~~August,~~ October 2017.

*[signature: Peter H. Furuseth]*

Peter H. Furuseth, ND ID #04160
FURUSETH OLSON & EVERT, PC
Attorneys for Plaintiff
P.O. Box 417
107 Main Street
Williston, ND 58802-0417
Tel: (701) 774-0005
Email: pete@furusethlaw.com

Dated this 10 day of ~~August,~~ October 2017

*[signature: Paul Forster]*

Paul J. Forster, ND ID #07398
Anthony J. Ford, ND ID #08217
CROWLEY FLECK PLLP
Attorneys for Defendant
100 West Broadway, Suite 250
P.O. Box 2798
Bismarck, ND 58502-2798
Tel: (701) 223-6585
Email: pforster@crowleyfleck.com
       tford@crowleyfleck.com

# STIPULATED CONFIDENTIALITY AGREEMENT

# EXHIBIT A

Acknowledgment and Non-Disclosure Agreement

I, _____, hereby acknowledge that I have received a copy of the Stipulated Confidentiality Agreement entered in this action, that I agree to be bound by its terms, that I will comply with the terms of the Stipulated Confidentiality Agreement in handling or using any confidential documents or other materials subject to the Stipulated Confidentiality Agreement, that I will not disclose any confidential documents or materials to any unauthorized person or entity, and that I will be subject to the jurisdiction of the U.S District Court for the District of North Dakota for the purpose of enforcing the Stipulated Confidentiality Agreement.

Dated this _____ day of _____ 20___.

_____

(Print Name)_____

(Address)_____

_____

_____

**ORDER**

The court **GRANTS** the Motion to Approve Stipulated Confidentiality Agreement. The court adopts the Stipulated Confidentiality Agreement without addition or modification.

**IT IS SO ORDERED.**

Dated this 11th day of October, 2017.

                                                  */s/ Charles S. Miller, Jr.*
                                                  Charles S. Miller, Jr., Magistrate Judge
                                                  United States District Court